36 F.3d 1097
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Linda P. DITTO, Plaintiff-Appellant,
v.
MONSANTO COMPANY, et al., Defendants-Appellees.
 Nos. 93-3308, 93-3312.
 United States Court of Appeals, Sixth Circuit.
 Sept. 16, 1994.
 
 Before: MARTIN, SUHRHEINRICH, and SILER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Linda P. Ditto appeals the district court's grant of summary judgment for defendant Monsanto Company in this diversity action involving products liability claims under Ohio Rev.Code Sec. 2307.71 et seq.. Ditto's husband, Robert V. Ditto, died of acute leukemia after being exposed, during the course of his employment with a third party, to electrical transformer mineral oils that were contaminated with polychlorinated biphenyl dielectric fluids manufactured by Monsanto. Linda Ditto claims that Monsanto had a duty to warn her husband about the specific dangers of exposure to these fluids, that Monsanto did not fulfill this duty, and that Monsanto is also strictly liable for her husband's wrongful death.
 
 
 2
 We have heard argument on this matter and have carefully considered the record on appeal. We find no error in the lower court's reasoning. The district court articulated the bases of its decision in an order granting defendant's motion for summary judgment issued February 19, 1993, finding that under the bulk supplier/sophisticated purchaser doctrine set forth in Adams v. Union Carbide Corp., 737 F.2d 1453 (6th Cir.), cert. denied, 469 U.S. 1062 (1984), Monsanto did not have a duty to warn Robert Ditto, and finding that Linda Ditto's additional claims on the grounds of strict liability, breach of warranty, and defective design were without foundation under Ohio law.
 
 
 3
 Because the issuance of a full written opinion by this Court would serve no useful purpose, we adopt the well-reasoned opinion of the district court and AFFIRM the award of summary judgment to defendant.